UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERAH GHAEMMAGHAMI, Trustee of the Serah Ghaemmaghami 2006 Trust<br><br>    Plaintiff,<br><br>    vs.<br><br>JEFF DIAZ,<br><br>    Defendant. | CASE NO. 15cv0732 JM(BGS)<br><br>ORDER REMANDING ACTION TO STATE COURT; DENYING MOTION TO PROCEED IN FORMA PAUPERIS |

On or about February 13, 2015, Plaintiff Serah Ghaemmaghami, Trustee of the Serah Ghaemmaghami 2006 Trust, commenced an unlawful detainer action against Defendant Jeff Diaz in the Superior Court of California, County of San Diego. (Ct. Dkt. 1). Plaintiff seeks damages, reasonable attorney's fees, and forfeiture of the rental agreement based upon Defendant's alleged failure to pay rent.[1]  On April 3, 2015, Defendant filed a Notice of Removal and an application to proceed in forma pauperis. The Notice of Removal identifies that the removal is premised upon 28 U.S.C. §1443. As set forth below, the court concludes that it lacks subject matter jurisdiction to entertain this action.

The court sua sponte remands this action to state court. See Maniar v. FDIC, 979

---

[1] As of the filing of the complaint, Defendant was allegedly past-due on the rental payments in the amount of $2,700. (Ct. Dkt. 1).

F.2d 782, 785 (9th Cir. 1992) (the court may <u>sua sponte</u> remand an action to state court). Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998) (quoting <u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire <u>sua sponte</u> whenever a doubt arises as to [its] existence. . . ." <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977) (citations omitted).

Defendant, as the party asserting subject matter jurisdiction, has the burden to demonstrate its existence. <u>Robinson v. United States</u>, 586 F.3d 683, 685 (9th Cir.2009). Removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance. . . . We strictly construe the removal statute against removal jurisdiction." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.1992).

The state court complaint alleges a single state law claim for unlawful detainer based upon allegations that Defendant failed to pay his monthly rent as provided for in the written rental agreement between the parties. The complaint does not reference any violation of federal law. On the face of the complaint, neither diversity nor federal question jurisdiction exists for purposes of 28 U.S.C. §1331 and 1332. However, Defendant relies upon 28 U.S.C. §1443 to support his removal. That statute provides:

> § 1443. Civil rights cases
>
> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would

be inconsistent with such law.

28 U.S.C. §1443.

A petition for removal under 28 U.S.C. §1443(1) must satisfy the two-part test articulated by the Supreme Court in <u>Georgia v. Rachel</u>, 384 U.S. 780, 788-92 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal []civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir.1970); <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir.2004). The court concludes that Defendant fails to satisfy the test for §1443(1) removal.

In conclusory fashion, Defendant argues that his constitutional rights to due process will be violated unless the unlawful detainer action is heard in federal court. The alleged violation of Defendant's constitutional rights arises because state courts "discriminate[] unfairly against pro se litigants and in so doing directly violate[] Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence and to make and enforce contracts for the purposes of acquiring and maintaining home at subject property." (Notice of Removal at p.13:11-15). Defendant also alleges that "[t]he unlawful detainer trial courts rubber stamp all non-judicial foreclosures and summary evictions under alleged 'duly perfected title' without a review of the true issues to identify the real parties in interest and protect the rights of unknown [] property interests." (Notice of Removal at p.6:10-12). Defendant does not identify any "explicit statutory enactment protecting" his civil rights. Moreover, Defendant fails to identify any state statute or constitutional provision that mandates that the state court ignore Defendant's federal rights. This failure is fatal to Defendant's petition for removal. Defendant simply fails to show that he was "denied or cannot enforce in the courts of such State a right under any law providing for the

1  equal civil rights of citizens." 28 U.S.C. §1443(1).  Defendant's recitation of broad
2  constitutional legal theories is simply insufficient to show that he has been (or will be)
3  denied any civil right by reason of the unlawful detainer action proceeding against him
4  in the Superior Court.   Consequently, the court concludes that removal is not
5  appropriate under 28 U.S.C. §1443(1) and remands this matter to state court.  See
6  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).[2]

7      In sum, the court sua sponte remands this action to the Superior Court of
8  California, County of San Diego, and denies the motion to proceed in forma pauperis
9  as moot.  The Clerk of Court is instructed to remand the action and to close the file.

10  **IT IS SO ORDERED.**

11  DATED: April 13, 2015

12                                        Hon. Jeffrey T. Miller
13  cc:        All parties                    United States District Judge

---

[2] The court notes that remand is also appropriate because Defendant's removal is untimely. The Notice of Removal states that Defendant learned of the action in February 2015, but Defendant waited until April 3, 2015 to file the Notice of Removal, a period greater than 30 days. (Notice of Removal at p.2:27).  A timely Notice of Removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. §1446(b).